FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 MAR 16 PM 3:09

CLERK'S OFFICE
AT BALTIMORE

BY ___KR___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| ALISON M. MURPHY<br>3421 Yardley Drive<br>Baltimore, MD 21222<br>Baltimore County | * | |
| | * | |
| | * | |
| BREONNA L. WEAVER<br>8005 Nolpark Ct., Apt 302<br>Glen Burnie, MD 21061<br>Anne Arundel County | * | **GLR 17 CV 0724** |
| | * | Civil Action No.:_____ |
| Plaintiffs, | * | |
| v. | * | JURY TRIAL REQUESTED |
| OMNI HOUSE, INC.<br>1421 Madison Park Dr.<br>Glen Burnie, MD 21061<br>Anne Arundel County<br>   serve on resident agent:<br>   Lois E. Miller<br>   1421 Madison Park Drive<br>   P.O. Box 1270<br>   Glen Burnie, MD 21060<br>   **Defendant.** | * | COLLECTIVE ACTION - FLSA |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiffs, Alison M. Murphy (Plaintiff Murphy), and Breonna L. Weaver (Plaintiff Weaver) (referred collectively as "Plaintiffs") bring this lawsuit against their former employer, Omni House, Inc. ("Defendant"), because Defendant owes Plaintiffs unpaid wages, including overtime wages, under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, ("FLSA"), the Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, § 3-415(a) ("MWHL"), and the Maryland Wage Payment Collection Law, § 3-501 *et seq.*("MWPCL").

# FACTS

## I. PLAINTIFFS

1. Plaintiff Murphy is an adult resident of the State of Maryland, Baltimore County, Maryland.

2. Plaintiff Murphy was hired by Defendant to work in its day program center in approximately November 2010.

3. Plaintiff Murphy worked for Defendant until approximately January 2017.

4. For Plaintiff Murphy, this lawsuit focuses on the time period from November 2010 until January 2016, when Plaintiff Murphy worked for Defendant in rehabilitation.

5. Plaintiff Murphy was paid on an hourly basis when working.

6. Plaintiff Murphy's hourly rate of pay was approximately $13.60 an hour.

7. When she was hired by Defendant in approximately November 2010, Plaintiff Murphy did not have a college degree that was related in any way to her job in rehabilitation.

8. Plaintiff Murphy's college degrees were in hotel and restaurant management and in early education.

9. Plaintiff Murphy is not a nurse and has no nursing degree.

10. Defendant did not require Plaintiff Murphy to obtain any specialized training and certification other than training and certification in cardiopulmonary resuscitation (CPR) and non-violent crisis intervention training.

11. Plaintiff Weaver is an adult resident of the State of Maryland, Anne Arundel County, Maryland.

12. Plaintiff Weaver was hired by Defendant to work in its day program center in approximately March 2015.

13. Plaintiff Weaver worked for Defendant until approximately January 2017.

14. For Plaintiff Weaver, this lawsuit focuses on the time period from March 2015 until September 2016, when Plaintiff Weaver worked for Defendant in rehabilitation.

15. Plaintiff Weaver was paid on an hourly basis when working.

16. Plaintiff Weaver's hourly rate of pay was approximately $12.25 an hour.

17. Plaintiff Weaver is not a college graduate.

18. Defendant did not require Plaintiff Weaver to obtain any specialized training and certification when she worked in rehabilitation from March 2015 through September 2016.

19. Plaintiffs were non-exempt employees under the FLSA and MWHL.

20. Plaintiffs provided support and care for Defendant's clients, whom were persons with mental illness and co-occurring disorders.

21. Plaintiffs each were assigned a group of Defendant's clients.

22. Plaintiffs' job duties included providing Defendant's clients with basic training and education on daily life activities, such as personal hygiene. Plaintiffs were also responsible for assisting clients in independent living. Plaintiffs also did data entry in tracking Defendant's clients' functioning and progress. Basic reports were written that did not require specialized training or education. The reports were provided to Plaintiffs' superiors.

23. Plaintiffs did not supervise employees.

24. Plaintiffs did not exercise independent judgement and discretion related to Defendant's core business operations.

25. Plaintiffs regularly worked more than 40 hours in a workweek.

26. Pursuant to the FLSA, for the period they were employed in rehabilitation, Plaintiffs seek actual damages, liquidated damages, statutory penalties, attorney's fees and the costs of this

action against Defendant for multiple violations of the required owed and overtime wages provisions of the FLSA.

27. Pursuant to the MWHL, Plaintiffs seek, for the period they were employed in rehabilitation, actual damages, liquidated damages, attorney fees and costs.

28. Pursuant to the MWPCL, Plaintiffs seek, for the period they were employed in rehabilitation, actual damages, liquidated damages, attorney fees and costs.

29. In around February 2016, Plaintiff Murphy was employed by Defendant as a Program Coordinator.

30. Plaintiff Murphy was a Program Coordinator for Defendant from February 2016 to January 2017.

31. In around October 2016, Plaintiff Weaver was employed by Defendant as a Program Coordinator.

32. Plaintiff Weaver was a Program Coordinator for Defendant from October 2016 to January 2017.

## II. DEFENDANT & THEIR UNLAWFUL PAY PRACTICES

33. Defendant is a Maryland based, not-for-profit corporation, which provides psychiatric and rehabilitative services for adults with mental illness and co-occurring disorders. See http://omnihouse.org/about/.

34. Defendant's administrative office is in 1421 Madison Park Dr, Glen Burnie, MD 21061.

35. Defendant also manages two other properties. Defendant manages a day program center in 7440 Baltimore Annapolis Blvd., Glen Burnie, MD 21061 and an outpatient program center in 1419 Madison Park Dr, Glen Burnie, MD 21061.

36. Plaintiffs worked in Defendant's day program center in 7440 Baltimore Annapolis Blvd., Glen Burnie, MD 21061.

37. Defendant is subject to the FLSA for owed wages, including unpaid overtime wages.

38. Defendant is subject to the MWHL and the MWPCL, for owed wages, including unpaid overtime wages.

39. Throughout Plaintiffs' employment in rehabilitation, Defendant failed to pay Plaintiffs overtime wages at a rate of one and ½ times their regular hourly rate of pay for all overtime hours worked in excess of 40 hours per workweek as required by the FLSA, 29 U.S.C. § 207, on occasions when they worked more than 40 hours in a workweek.

40. Rather than paying overtime wages to Plaintiffs for the hours worked in excess of 40 hours in a workweek, Defendant altered Plaintiffs' time records and deleted from Plaintiffs' time records the hours Plaintiffs worked in excess of 40 hours in a workweek.

41. Throughout Plaintiffs' employment in rehabilitation, in each workweek, Defendant altered their time records and deleted all the hours they worked in excess of 40 hours so that Plaintiffs only got paid for their regular shift schedule hours.

42. Throughout Plaintiffs' employment in rehabilitation, Plaintiffs were not compensated for all the time they worked in excess of 40 hours per workweek because of Defendant's practice of altering time records which violated the FLSA and MHWL.

43. Plaintiff Murphy's regular schedule was Monday through Friday 6:30 a.m. to 3:00 p.m., with a ½-hour lunch period.

44. Plaintiff Weaver's regular schedule was Monday through Friday 7:00 a.m. to 3:30 p.m., with a ½-hour lunch period.

5

45. Plaintiffs regularly worked through their lunch periods due to Defendant's day program center being under-staffed, which resulted in them working more than 40 hours in a workweek.

46. Plaintiffs' superiors knew that Plaintiffs worked through their lunch periods.

47. Defendant, however, consistently deleted ½ hour daily from Plaintiffs' time records even though Plaintiffs were not able to take lunch breaks and had to regularly work through their lunch periods.

48. In addition to working through lunch periods, Plaintiff Murphy regularly attended work at least 15 minutes earlier than her scheduled start time. On those occasions, Plaintiff Murphy was directed to start work immediately but her time records were altered by Defendant so that she only got paid for her regular shift schedule hours.

49. Furthermore, during her employment, Plaintiff Murphy was instructed, at least once a month, by her supervisors, to drive Defendant's clients to various hospitals and medical centers to attend to their medical appointments, but was not paid for additional hours she spent performing that task beyond her regular shift schedule hours. Plaintiff Murphy's time records were altered and hours she recorded beyond her regular shift schedule hours were deleted.

50. In addition to working through lunch periods, Plaintiff Weaver had to regularly stay back in office beyond her regular shift schedule to prepare materials for the following day and to complete the data entries for the day. On those occasions, Plaintiff Weaver's time records were altered by Defendant so that she only got paid for her regular shift schedule hours.

51. Defendant held mandatory staff meetings once every two to three months, usually in the evening from 6:00 p.m. to 8:00 p.m. The meetings were occurred far after Plaintiffs' regular shift schedule hours. Plaintiffs were, however, instructed to stay to attend to those meetings and were not paid for attending the meetings. Rather than paying Plaintiffs for hours they spent attending

the mandatory staff meetings, Plaintiffs were told that they were given "flex time" or "comp time" (hereinafter referred to as "flex time").

52. This claimed flex time required employees, including Plaintiffs, to forgo earned regular and overtime wages, and Defendant said that the employees could use the flex time to take time off.

53. The promised time off was not at one and ½ times the extra unpaid hours worked.

54. The promised time off was not provided in the pay period in which it was earned.

55. Further, employees, including Plaintiffs, mostly were never been able to use the so-called flex time because Defendant was so short-staffed and withheld the permission.

56. Defendant's supervisors and managers knew that Plaintiffs worked beyond their regular shift schedule time and was not getting paid overtime wages.

57. Defendant's supervisors and managers knew of and engaged in the practice of altering time records.

58. Defendant is in sole possession of the time records for the hours worked by Plaintiff Murphy from November 2010 to January 2016 and for the hours worked by Plaintiff Weaver from March 2015 to September 2016.

59. Because Defendant electronically altered the time records, the time records as they exist now, after alteration and tampering, may not actually reflect the actual hours worked.

60. Upon information and belief, Defendant did not seek the advice and counsel of an attorney knowledgeable about the requirements of the FLSA, MWHL, or MWPCL prior to deciding not to pay Plaintiffs all owed wages for all hours worked, including overtime wages.

61. Defendant's failure to pay Plaintiffs all wages owed, including overtime wages, was intentional and willful.

62. Defendant's failure to pay Plaintiffs all wages owed was not the result of a bona fide dispute.

63. Plaintiffs, when worked in rehabilitation, did not hire, fire or set the terms of conditions of any other employees.

64. Plaintiffs did not supervise or oversee the work of any other employees of Defendant.

65. Plaintiffs' work in rehabilitation was monitored by Defendant and Defendant-appointed supervisors and managers.

66. Plaintiffs, when worked in rehabilitation, had no role, involvement or participation in Defendant's management decisions.

67. Plaintiffs satisfy all requirements for maintaining claims under the MWHL, the MWPCL, and the FLSA.

68. Defendant willfully and intentionally failed to pay Plaintiffs at a rate of one and ½ times their regular rate of pay for all overtime hours worked in rehabilitation over 40 hours in a workweek as required by the MWHL, Labor and Employment § 3-415(a), and the FLSA, 29 U.S.C. § 207.

69. Defendant willfully and intentionally violated the provisions of the Maryland Labor & Employment Code by failing to pay Plaintiffs all wages due for work that they performed in rehabilitation prior to the termination of their employment, as required by the Maryland Wage Payment and Collection Law, Labor and Employment § 3-505.

70. Over two weeks have elapsed from the date on which Defendant was required to have paid Plaintiffs all owed wages as required by the Maryland Wage Payment and Collection Law, Labor and Employment § 3- 507.2(a).

71. From February 2016 to January 2017, in her role as a Program Coordinator, Plaintiff Murphy was instructed by Defendant to alter time records of subordinate hourly employees.

72. From October 2016 to January 2017, in her role as a Program Coordinator, Plaintiff Weaver was instructed by Defendant to alter time records of subordinate hourly employees.

73. Defendant's "Employee Manual" provides that employees are to be paid "time and a half" if they work on "New Year's Day, Thanksgiving Day and Christmas Day". The title page and relevant page from the Employee Manual are attached hereto as **Exhibit 1**.

74. Defendant required holiday pay was an enforceable promise for remuneration for services and a wage that Defendant was obligated to pay.

75. Throughout their employment, Plaintiffs worked on some or all of the holidays specified as being paid at "time and a half".

76. Defendant failed to pay the required holiday pay, as stated in its Employee Manual.

77. There is no bona fide dispute that Defendant failed to pay Plaintiffs the required wage, in violation of its own Employee Manual and the Maryland Wage Payment & Collection Law.

### FLSA OVERTIME COLLECTIVE ACTION ALLEGATIONS

78. This action proceeds as an individual case and is also concurrently maintainable as an "opt-in" collective action pursuant to 29 U.S.C.A. §216(b) as to the claims for unpaid overtime wages, liquidated damages, and attorneys' fees and costs under the FLSA.

79. In addition to Plaintiffs, there are numerous current and former employees of Defendant who are similarly situated with regard of being subject to the same unlawful wage hour policies of the Defendant.

80. These similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records.

81. The similarly situated employees were subject to the same pay policies and practices as Plaintiffs.

82. The similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

83. Defendant's unlawful pay practices regarding not paying for all hours worked, not paying for overtime, having an impermissible flex time policy, altering time records, and not paying employees for attendance at mandatory staff meetings encompassed all hourly paid employees and was not limited to Plaintiffs' position alone.

84. The similarly situated employees are not limited to just those who held Plaintiffs' position, but include all hourly paid employees whom had their time records altered so that they were not paid overtime wages when they worked more than 40 hours in a workweek.

85. Hourly paid employees were all subject to the same employment pay policies and procedures.

86. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C.A. §216(b), for the purpose of adjudicating their claims for unpaid overtime wages, liquidated damages and attorneys' fees and costs under the FLSA.

87. Plaintiffs consent to be a party plaintiff in this matter.

88. Plaintiffs' consents are attached to this Complaint as **Exhibit 2**.

89. It is likely that other individuals will join Plaintiffs during the litigation of this matter and file written consents to "opt in" to this collective action.

## JURISDICTION AND VENUE

90. Original jurisdiction in this Court is granted by the FLSA, 29 U.S.C.A. § 207 *et seq.*

91. Venue is appropriate in this jurisdiction based upon the occurrence of the unlawful events, central to this lawsuit, within this District in the State of Maryland.

## VIOLATIONS OF LAW

### COUNT I – VIOLATIONS OF THE MARYLAND WAGE AND HOUR LAW, FAILURE TO PAY THE REQUIRED WAGE FOR ALL HOURS WORKED

92. All allegations of the Complaint are expressly incorporated herein.

93. Defendant willfully and intentionally violated the provisions of the Maryland Labor & Employment Code by failing to pay Plaintiffs the required wage for all hours worked as required by the MWHL, Md. Ann. Code, Labor & Employment, §3-413.

94. Defendant failed to pay the Plaintiffs the required wage because Defendant did not pay Plaintiffs for all hours worked.

95. Plaintiffs regularly worked through their lunch period due to Defendant's day program center being under-staffed. Defendant, however, consistently deleted ½ hour daily from Plaintiffs' time records even though Plaintiffs were not able to take lunch breaks and had to regularly work through their lunch periods.

96. Furthermore, Plaintiff Murphy regularly attended work at least 15 minutes earlier than her scheduled start time. On those occasions, Plaintiff Murphy was directed to start work immediately but her time records were altered by Defendant so that she only got paid for her regular shift schedule hours.

97. Plaintiff Murphy was also instructed, during her employment, at least once a month, by her supervisors to drive Defendant's clients to various hospitals and medical centers to attend to their medical appointments, but was not paid for additional hours she spent performing that task beyond her regular shift schedule hours. Plaintiff Murphy's time records were altered and hours she recorded beyond her regular shift schedule hours were deleted.

98. Plaintiff Weaver had to regularly stay back in office beyond her regular shift schedule to prepare materials for the following day and to complete the data entries for the day. On those occasions, Plaintiff Weaver's time records were altered by Defendant so that she only got paid for her regular shift schedule hours.

99. Defendant's alteration of time records resulted in Plaintiffs not getting paid for all hours worked.

100. Moreover, during their employment, Plaintiffs were instructed to attend to staff meetings and was not paid wage for attending the meetings. Rather, they were given flex time which was not been able to be used because Defendant was so short-staffed and withheld the permission.

101. As a result of the unlawful acts of Defendant, Plaintiffs have been deprived wages in amount to be determined at trial and are entitled to recovery of such amount, plus liquidated damages, attorney's fees, and costs.

102. There is no bona fide dispute that Plaintiffs are owed the requested wages.

103. <u>Relief requested</u> - Plaintiffs request that: (a) Defendant be ordered to pay all wages owed for all hours worked; (b) they be awarded an additional amount of treble damages; (c) they be awarded pre- and post- judgment interest; and (d) they be awarded their attorney's fees and costs.

### COUNT II – VIOLATIONS OF THE MARYLAND WAGE AND HOUR LAW, FAILURE TO PAY THE REQUIRED OVERTIME WAGE

104. All allegations of the Complaint are expressly incorporated herein.

105. When worked in rehabilitation, Plaintiffs were required to work in excess of 40 hours per workweek.

106. Plaintiffs were non-exempt employees under the Maryland Wage and Hour Law, Labor and Employment §§3-403, 3-415(a), entitling them to be paid overtime at a rate of one and ½ times their regular rate of pay for all hours worked in excess of a forty-hour workweek.

107. Defendant willfully violated the provisions of the Maryland Labor & Employment Code by failing to compensate Plaintiffs for overtime hours worked at a rate of one and ½ times their regular rate of pay for all hours worked in excess of a forty-hour workweek.

108. As a result of the unlawful acts of Defendant, Plaintiffs had been deprived of overtime wages in amount to be determined at trial, and are entitled to recovery of such amount, plus liquidated damages, attorney's fees, and costs.

109. There is no bona fide dispute that Plaintiffs are owed the requested wages.

110. <u>Relief requested</u> - Plaintiffs request that: (a) Defendant be ordered to pay all overtime wages owed at a rate of one and ½ times their regular rate of pay for all overtime hours worked; (b) they be awarded an additional amount of liquidated damages; (c) they be awarded pre- and post- judgment interest; and (d) they be awarded their attorney's fees and costs.

### COUNT III – VIOLATIONS OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW, FAILURE TO TIMELY PAY ALL WAGES DUE

111. All allegations of the Complaint are expressly incorporated herein.

112. When Plaintiffs worked in rehabilitation, Defendant refused to timely pay all overtime wages due to them and for all hours worked in violation of the MWPCL.

113. Plaintiff Murphy's employment with Defendant in rehabilitation ended sometime in January 2016.

114. Plaintiff Weaver's employment with Defendant in rehabilitation ended sometime in September 2016.

115. Defendant has not paid Plaintiffs all of their overtime wages and for all the hours worked.

116. Pursuant to the MWPCL, Md. Code Ann., Labor & Empl. § 3-502, Defendant was obligated to pay Plaintiffs for all wages earned on a regular basis, including overtime wages.

117. Defendant's actions in failing to pay Plaintiffs wages for all hours worked and for all overtime hours worked were willful violations of the MWPCL.

118. Over two weeks have elapsed from the date on which the Defendant was required to have paid Plaintiffs all owed overtime wages as required by the Maryland Wage Payment and Collection Law, Labor and Employment § 3- 507.2(a).

119. There is no bona fide dispute as to the wages owed to Plaintiffs.

120. The holiday pay required to be paid to Plaintiffs per the terms of Defendant's Employee Manual is a "wage" as that term is defined in section 3-501(c) of the MWPCL.

121. Defendant was required to timely pay the holiday pay as earned.

122. Defendant failed to pay Plaintiffs the holiday pay as earned and as required.

123. There is no bona fide dispute that Plaintiffs are owed the holiday pay they earned.

124. <u>Relief requested</u> – Plaintiffs request that: (a) Defendant be ordered to pay them for all hours worked but not paid for, and all overtime wages owed; (b) they be paid all holiday pay in the amount required to be paid per the Defendant's Employee Manual; (c) they be awarded treble damages; (d) they be awarded pre- and post- judgment interest; and (e) they be awarded their attorney's fees and costs.

## COUNT IV – <u>FLSA CLAIM FOR OWED OVERTIME/WILLFUL VIOLATIONS</u>

125. All allegations of the Complaint are expressly incorporated herein.

126. When they were employed in rehabilitation, Plaintiffs were hourly, non-exempt employees, and entitled to overtime pay under the FLSA, 29 U.S.C. § 207.

127. Defendant violated the provisions of the Fair Labor Standards Act by failing and refusing in a willful and intentional manner to pay Plaintiffs overtime wages at a rate of one and ½ times

their regular rate of pay for all overtime hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. § 207.

128. Defendant's deletion of all hours Plaintiffs worked in excess of 40 hours in a workweek in Plaintiffs' time records resulted in Plaintiffs not getting paid overtime when they worked more than 40 hours in a workweek.

129. By reason of the aforesaid violations of the FLSA, Defendant is liable to Plaintiffs in an amount equal to the unpaid overtime, unpaid overtime penalties/liquidated damages, all other applicable penalties, attorney's fees and costs, and pre- and post- judgment interest.

130. <u>Relief requested</u> – Plaintiffs request that: (a) Defendant be ordered to pay them all overtime wages for all overtime hours worked; (b) liquidated damages be assessed against the Defendant; (c) they be awarded pre- and post- judgment interest; and (d) they be awarded their attorney's fees and costs. In addition, Plaintiffs request that an Order issue certifying this count as a collective action and enjoining Defendant to comply with the FLSA.

Respectfully submitted,

/s/ Stephen Lebau

Stephen Lebau, Bar #07258
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1203
fax. 410.296.8660
sl@joblaws.net
Attorneys for Plaintiffs

## REQUEST FOR JURY TRIAL

Plaintiffs request that a jury of their peers hear and decide the claims asserted in this Complaint.

Respectfully submitted,

_____
Stephen Lebau, Bar #07258