# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and Release is entered into by and between Alison Murphy and Breonna Weaver (collectively, "Plaintiffs), and Omni House, Inc., its successors, assigns, parents, subsidiaries, divisions, affiliates, officers, directors, employees, insurers and reinsurers, attorneys, agents and representatives ("the Company").

WHEREAS, a dispute has arisen between Plaintiffs and the Company (also referred to herein as "the Parties") regarding Plaintiffs' employment with the Company; and

WHEREAS, Plaintiffs filed a lawsuit against the Company in the U. S. District Court for the District of Maryland (Civil Action No. 1:17-cv-00724-GLR), alleging violations of the Fair Labor Standards Act, the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law; and

WHEREAS, the Company contends that Plaintiffs' claims are without merit and expressly denies any liability with respect to the claims and allegations advanced by Plaintiffs, but the Parties wish to enter into a settlement of any and all possible claims solely for the purpose of avoiding the time and expense of further litigation.

NOW, THEREFORE, in consideration of the mutual agreements contained herein and for other good cause and valuable consideration, the Parties agree as follows:

1. <u>Settlement Payment</u>. A total settlement has been reached between the Parties in the amount of Thirty Two Thousand Five Hundred Dollars ($32,500.00) ("the

Settlement Amount"). This Settlement Amount shall be paid by Defendant pursuant to the schedule below and divided as follows:

    (i) The sum of Five Thousand Four Hundred Six Dollars ($5,406.00) shall be paid to Plaintiff Weaver, less standard legal deductions, to represent alleged unpaid wages. The Company will report the payment to the Internal Revenue Service ("IRS") on a W-2 form.

    (ii) The sum of Eleven Thousand Two Hundred Sixty Three Dollars ($11,263.00) shall be paid to Plaintiff Murphy, less standard legal deductions, to represent alleged unpaid wages. The Company will report the payment to the Internal Revenue Service ("IRS") on a W-2 form.

    (iii) The sum of Fifteen Thousand Eight Hundred Thirty One dollars ($15,831.00) shall be paid to Lebau & Neuworth, LLC, for attorneys' fees and costs, which the Company shall report to the Internal Revenue Service ("IRS") on a 1099 form. This payment is contingent upon receipt by the Company of a completed and executed W-9.

The foregoing payments shall be transmitted to Plaintiffs' counsel, Stephen Lebau, Lebau & Neuworth, LLC, pursuant to a schedule of one $6,000.00 payment every thirty days after Court approval of this Agreement, so long as neither Plaintiff Weaver nor Plaintiff Murphy have exercised their right of revocation in Paragraph 9 below, as follows:

| | |
|---|---|
| Within 30 days after Court approval | $5,406 payment to Plaintiff Weaver<br>$594 payment to Plaintiff Murphy |
| Within 60 days after Court approval | $6,000 payment to Plaintiff Murphy |
| Within 90 days after Court approval | $4,669 payment to Plaintiff Murphy<br>$1331 payment to Lebau & Neuworth, LLC |
| Within 120 days after Court approval | $6,000 payment to Lebau & Neuworth, LLC |
| Within 150 days after Court approval | $6,000 payment to Lebau & Neuworth, LLC |
| Within 180 days after Court approval | $2,500 payment to Lebau & Neuworth, LLC |

In the event the settlement is not approved by the Court, or in the event that either Plaintiff revokes the Agreement in accordance with Paragraph 9 below, the settlement

2

funds will not be paid by the Company. This Settlement Amount shall be the full and final settlement of all claims arising from Plaintiffs' claims against the Company. It is agreed that this Settlement Amount is inclusive of any claim for attorneys' fees and costs, including court costs, and that the Company owes no further monetary amount to Plaintiffs or any person or entity acting on their behalf.

3. <u>No Further Relief</u>. Plaintiffs understand and agree that other than the sum identified in Paragraph 1 herein, the Company owes Plaintiffs no further monetary amount for the claims and allegations advanced by Plaintiffs, including any payment on their behalf to counsel who represented them, or any other person acting on their behalf.

4. <u>Release and Waiver by Plaintiffs.</u> In consideration of the foregoing payments, Plaintiffs hereby release and discharge the Company forever from each and every right, claim, debt, and cause of action whatsoever, known and unknown, foreseen and unforeseen, against the Company, which Plaintiffs have or may have upon or by reason of any matter, cause or thing whatsoever at any time, past, or present from the beginning of the world until the date of this Settlement Agreement, including but not limited to, any matter, thing or cause arising from or in any way related to the above-referenced circumstances. This is a General Release. This release includes, but is not limited to, all actions including legal actions under the Americans With Disabilities Act as amended by the Americans with Disabilities Act Amendments Act, the Family and Medical Leave Act, Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, the Civil Rights Act of 1866, the

3

Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA), the Employee Retirement Income Security Act of 1974 (ERISA), the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Maryland Employment Anti-Discrimination Law (Md. Code Ann., State Gov't § 20), the Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, §§3-401, *et seq.* and the Maryland Wage Payment and Collection Law, Md. Ann. Code, Labor & Employment §§3-501, *et seq,* all actions alleging breach of contract or tort, including wrongful discharge, civil or criminal assault and/or battery, intentional infliction of emotional distress, or any other state, federal, or local law concerning any other form of discrimination or retaliation, or any other law or regulation, known or unknown to him at the time of the execution of this Agreement, including entitlement to any attorneys' fees and other costs, and any claims for punitive, compensatory and/or retaliatory damages; claims for back or front pay, fringe benefits, breach of contract, or any other administrative, tort, or civil claims not specified herein, saving and excepting, however, any and all obligations of or claims against the Company arising by virtue of the terms and conditions of this Agreement. Plaintiffs acknowledge that they understand and agree that this General Release does not prohibit them from filing a charge with any government administrative agency (such as the EEOC) as long as they do not personally seek reinstatement, damages, remedies or other relief as to any claim that they have released, any right to which they hereby waive. Plaintiffs further agree that if there is any complaint filed in any forum in which they personally seek reinstatement, damages or other remedies relating to any claim that is covered by this General Release, they will immediately file a dismissal with prejudice of such claim or

4

remedy. This General Release does not release any claims that Plaintiffs cannot lawfully release.

5. <u>Dismissal of Lawsuit/Effective Date</u>. The Parties shall execute this Agreement and shall file the Joint Motion for Approval of Settlement Agreement and Proposed Order on or before _____, 2017. In the event that the Court does not approve the settlement as set forth in this Agreement, the Agreement shall be null and void, and the settlement payments set forth in Paragraph 1 will not be made by the Company. Each party shall bear its own costs and expenses associated with this litigation, except as otherwise provided herein.

6. <u>No Pending or Future Actions.</u> Plaintiffs warrant that they have no actions pending against the Company, including but not limited to actions before any court, administrative agency, government agency, board, or commission other than 1:17-cv-00724-GLR.

7. <u>No Admission of Wrongdoing.</u> It is specifically understood that the settlement of Plaintiffs' claims shall not be construed as an admission by the Company of any violation of any law, or any federal, state or local statute or regulation, or of any duty owed by the Company to Plaintiffs, all of which the Company has expressly denied, but rather the Agreement is made so that the Parties can avoid the time, expense, and burden of litigation.

8. <u>No Future Employment.</u> Plaintiffs agree and recognize that their employment with the Company is terminated and that the Company has no contractual or

5

other obligation to rehire, reemploy, or hire or employ them in the future, and Plaintiffs agree not to seek reemployment or employment with the Company.

9. <u>Review and Revocation Period</u>. As required by the Older Workers' Benefits Protection Act and the Age Discrimination in Employment Act, Plaintiff Murphy is advised of the following:

(a) Plaintiff Murphy has up to twenty-one (21) days from receipt of this Agreement to consider, sign, and accept this Agreement, although they need not take the entire twenty-one (21) days.

(b) Plaintiff Murphy has the right to revoke her acceptance of this Agreement within seven (7) days following the date on which she signs it. In the event that she decides to revoke her acceptance of this Agreement, she must provide written notice to: John Cuddy, Omni House, Inc., P.O. Box 1270 Glen Burnie, MD 21060, to be received *before* the eighth day after she signs this Agreement. The Parties expressly acknowledge and agree that this Agreement shall become effective upon the expiration of the seven (7) day revocation period.

(c) Plaintiff Murphy is advised to consult with an attorney before signing this Agreement and, by her signatures below, acknowledges that she has, in fact, consulted with her attorney.

(d) Plaintiff Murphy's signature below shall signify that she has entered into this Agreement knowingly and voluntarily.

Plaintiff Weaver is not entitled to the above-described consideration and waiver period. Plaintiff Weaver will be bound to this Agreement on the date she signs the Agreement, and she will not have any right to revoke her acceptance.

10. <u>Governing Law</u>. The laws of the State of Maryland shall govern this Settlement Agreement.

11. <u>Unenforceability</u>. The Parties agree that if any provision of this Agreement is found by a court of competent jurisdiction to be unenforceable, the

enforceability of the remaining provisions will not be impaired, except that if any portion of Paragraph 4 is found unenforceable, the entire Agreement will be null and void and the Plaintiffs will return the settlement funds to the Company.

12. Execution of Agreement. This Agreement may be executed in counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement.

13. Complete Agreement. The understandings set forth herein represent the complete agreement of the Parties and may not be altered or changed except by the mutual agreement of the Parties, evidenced in a writing signed by all parties and specifically identified as an amendment to this Agreement.

14. Waiver. The failure of the Company to enforce any term of this Agreement shall not constitute a waiver of any rights or deprive the Company of the right to insist thereafter upon strict adherence to that or any other term of this Agreement, nor shall a waiver of any breach of this Agreement constitute a waiver of any preceding or succeeding breach. No waiver of a right under any provision of this Agreement shall be binding on the Company unless made in writing and signed by the CEO of the Company.

15. No Presumption Against Drafter. This Agreement shall be construed without regard to any presumptions or other rule requiring construction against the party causing the Agreement to be drafted.

16. Headings. Section and other headings are inserted only as a matter of convenience and shall in no way interpret, define, limit or otherwise affect any of the provisions of this Agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties hereto have executed this Agreement.

By: _____
Omni House, Inc. Lois Miller

Date: _____June 1, 2018_____

_____
Alison Murphy

Date: _____June 1, 2018_____

_____
Breonna Weaver

Date: _____

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties hereto have executed this Agreement.

By: _____
Omni House, Inc.   Lois E. Miller

Date: June 7, 2018

_____
Alison Murphy

Date: _____

_____
Breonna Weaver

Date: 6/2/18

8